E-FILED
Tuesday, 30 January, 2007  01:09:46 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| MALENA BROWN, | ) | |
| | ) | 07- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Jury Trial Demand |
| REGIONAL ADJUSTMENT BUREAU, INC., | ) | |
| a Tennessee corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action seeks redress for the illegal practices of defendant in connection with the collection of debts. This Complaint alleges that defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") entitling plaintiff to relief. Further, this Complaint alleges that defendant committed state law torts entitling the plaintiff to relief.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction) and 15 U.S.C. § 1692k (Fair Debt Collection Practices Act). Further, this Court has jurisdiction over the state court claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

### PARTIES

3. Plaintiff, Malena Brown, is an individual who resides in Coles County, Illinois.

4. Plaintiff is a "consumer" as defined by Section 803(3) of the Fair Debt Collection

Practices Act, 15 U.S.C. section 1692a(3).

5. Defendant, Regional Adjustment Bureau, Inc., is a corporation organized under the laws of the State of Tennessee. Its principal place of business is located at 7000 Goodlett Farms Parkway, Memphis, TN 38016-4916.

6. Defendant Regional Adjustment Bureau, Inc. is a "debt collector" as defined by Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692a(6).

7. At all times relevant to this matter, Defendant Regional Adjustment Bureau, Inc. was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692a(5).

## ALLEGATIONS COMMON TO ALL COUNTS

8. In 2000, Trevor Brown obtained a credit card through First-Mid Illinois Bank & Trust, Mattoon, Coles County, Illinois. Said credit card account was serviced by Elan Financial Services, Inc.

9. In 2001, Trevor Brown defaulted in his obligation to pay the credit card debt of $1,600.00.

10. In 2001 or 2002, Trevor Brown entered into a repayment arrangement with Elan where he paid Elan $150.00 per month for a period of approximately two years.

11. Sometime prior to May of 2005, Defendant Regional Adjustment Bureau, Inc. obtained the Elan credit card account.

12. In May or June of 2005, Defendant Regional Adjustment Bureau, Inc. contacted Plaintiff Malena Brown in an attempt to collect the debt.

13. Defendant represented to Plaintiff that it was collecting a credit card debt in the amount of approximately $5,000.00.

14. Plaintiff requested that the Defendant provide her with verification of the debt including a summary of the account activity such as the payments made by Trevor Brown to Elan.

15. Defendant refused to provide any information regarding the debt.

16. Plaintiff then requested basic information. Plaintiff wanted to know how the $1,600 debt in 2001 grew to become a $5,000.00 in 2005.

17. Defendant refused to answer the question.

18. Plaintiff then advised Defendant that she did not think she was obligated to pay the debt because it was not her credit card.

19. Defendant advised Plaintiff that she was obligated to pay the debt because she is married to Trevor.

20. Plaintiff reiterated her request for verification of the debt and hung up.

21. Defendant continued to contact Plaintiff on a daily basis in an attempt to collect the debt owed by Trevor Brown.

22. After approximately two weeks of debt collection telephone calls, Plaintiff Malena Brown agreed to start sending Defendant the monthly amount of $100.00.

23. In September of 2005, an employee of the Defendant named Jennifer Reed contacted Plaintiff in an attempt to collect the debt.

24. Reed pressured Plaintiff into making a new agreement that required the Plaintiff to make a lump sum payment of $1,500.00 along with monthly payments of

3

$100.00.

25. Plaintiff continued to request verification of the debt from Defendant.

26. Defendant refused to provide any information regarding the debt.

27. Plaintiff continued to make the monthly payments to Defendant until May or June of 2006.

28. In July 2006, Defendant contacted a third party, Adam Brazzell, in an attempt to collect the debt.

29. Brazzell advised Defendant that he would not convey a message to Plaintiff and asked Defendant to stop calling him.

30. In August of 2006, Defendant made two additional debt collection telephone calls to Brazzell.

31. Brazzell advised Defendant that he would not convey a message to Plaintiff.

32. An employee of Defendant named Angela Weir informed Brazzell that he would be liable for the debt if he did not cooperate with Defendant.

33. Brazzell advised Defendant not to contact him again.

34. In August of 2006, Plaintiff contacted Defendant and spoke with Angela Weir.

35. Plaintiff requested an account summary detailing the payment history and the current balance.

36. Weir stated that Plaintiff could send a written request; however, "we will disregard any request because we want to be paid."

37. Plaintiff informed Defendant that she will not be making any additional payments until Defendant provides her with the information. Further, Plaintiff advised

Defendant to cease all attempt to collect the debt.

38. During the period of August 2006 through January 27, 2007, Defendant contacted Plaintiff by telephone in attempts to collect the debt on an average of four times per week.

39. During those conversations, Weir engaged in rude and abusive language in an attempt to collect the debt.

40. Defendant made that misrepresentations and telephone calls with the intent to harass, frighten and humiliate the Plaintiff.

### Count I – Fair Debt Collection Practices Act

41. Plaintiff incorporated paragraphs 1 - 40 into Count I of the Complaint.

42. Defendant Regional Adjustment Bureau, Inc. violated the FDCPA by continuing to contact the wrong person in an attempt to collect a debt in violation of 15 U.S.C. 1692d.

43. Defendant Regional Adjustment Bureau, Inc. violated the FDCPA when it misstated the actual amount of the debt in violation of 15 U.S.C. 1692e, 1692e(2), 1692e(10)

44. Defendant Regional Adjustment Bureau, Inc. violated the FDCPA by contacting a third party in an attempt to collect the debt in violation of 15 U.S.C. § 1692c(b).

45. Defendant Regional Adjustment Bureau, Inc. violated the FDCPA by having an employee contact Plaintiff and use obscene or profane language or language the natural consequences of which is to abuse the hearer in violation of 15 U.S.C. §§ 1692d, 1692d(2), and 1692d(5).

46. Defendant Regional Adjustment Bureau, Inc. violated the FDCPA by having an employee repeatedly contact Plaintiff in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff in violation of 15 U.S.C. §§ 1692d and 1692d(5).

47. As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Malena Brown requests that the Court enter judgment in her favor and against Defendant Regional Adjustment Bureau, Inc. for: (a) actual and statutory damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court deems appropriate.

### Count II – Illinois Consumer Fraud and Deceptive Business Practices Act

48. Plaintiff Malena Brown realleges paragraphs 1 - 47 in Count II of the Complaint.

49. Defendant Regional Adjustment Bureau, Inc. violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, when it engaged in scheme to compel the Plaintiff to pay a debt she was not legally obligated to pay.

50. Defendant Regional Adjustment Bureau, Inc. violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, when it repeatedly misstated the amount of the actual debt owed.

51. As an actual and proximate cause of Defendant's conduct, Plaintiff suffered injury.

52. Defendant Regional Adjustment Bureau, Inc. made the representations and carried out their scheme knowingly, intentionally, wilfully, maliciously, and in bad faith, or with wanton and reckless disregard for Plaintiff's rights and interests, entitling

the plaintiff to recover punitive damages against defendant.

WHEREFORE, Plaintiff Malena Brown requests that the Court enter judgment in her favor and against Defendant Regional Adjustment Bureau, Inc. for: (a) appropriate compensatory and punitive damages; (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as the Court deems appropriate.

MALENA BROWN, Plaintiff

s/ Roy Jackson Dent
Roy Jackson Dent
Bar Number 6255835
Attorney for Plaintiff
BRANKEY & SMITH, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232

Email: rdent@brankeysmithpc.com

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MALENA BROWN

## DEFENDANTS
REGIONAL ADJUSTMENT BUREAU, INC.,
a Tennessee corporation.

**(b)** County of Residence of First Listed _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Roy Jackson Dent
BRANKEY & SMITH, P.C.
622 Jackson Avenue
Charleston, IL 61920
(217) 345-6222    Fax: (217) 345-6232

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | 2 | Incorporated and Principal of Business In Another State | ☐ 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | x 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- x 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. 1692

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23     DEMAND $ Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND:   x Yes   No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/30/2007     SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    **(b.) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.